891 F.2d 290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank HULEN; Wilma Lesnansky, Plaintiffs-Appellees,
v.
Earlene POLYAK, Defendant-Appellant.
 Nos. 89-5648, 89-5650.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1989.
 
 Before BOYCE F. MARTIN, Jr., and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Earlene Polyak, a pro se Michigan resident, appeals from the district court's orders directing the clerk of the district court not to file complaints which she had submitted in these cases.
 
 
 3
 These complaints are further attempts by Polyak to overturn the results of a Tennessee state court action which resulted in the partition sale of land which she had inherited along with her siblings as tenants in common. The appellees herein are Polyak's siblings. Polyak makes no new allegations in these complaints, rather she seeks to relitigate her federal court actions by characterizing these complaints as Fed.R.Civ.P. 60(b) motions. Polyak asserts two grounds for restarting her federal litigation: (1) her petition for rehearing was denied by the United States Supreme Court on February 21, 1989, see Hulen, et al. v. Polyak, Nos. 87-6267/6278 (6th Cir. June 16, 1988), reh'g denied 109 S.Ct. 1180 (February 21, 1989), and she believes that Rule 60 gives her authority to restart the litigation in district court; and (2) she has no forum for relief in the Tennessee courts because on March 8, 1989, the clerk of the Tennessee Supreme Court stated in a letter to her that "there is nothing further to appeal in this case in any of the appellate courts of Tennessee."
 
 
 4
 In accordance with its earlier order enjoining Polyak from filing further litigation concerning the Tennessee action without the express permission of the court, the district court reviewed the complaints and denied permission to file them. After the subsequent denial of her motion for reconsideration, Polyak filed these timely appeals. Further, Polyak has also filed motions challenging the district court's denial of her motions to forward the records in these cases to this court.
 
 
 5
 Upon review, we affirm the district court's judgments, deny Polyak's motions, and award sanctions against Polyak for bringing these frivolous and repetitive appeals.
 
 
 6
 First, Polyak's motions to supplement the records in these cases are now moot since the district court has forwarded the certified records in both cases to this court.
 
 
 7
 Second, we have already approved the practice of a district court requiring prolific litigators to obtain leave of court before any further complaint will be accepted for filing. See Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987) (order).
 
 
 8
 Moreover, Polyak cannot institute new, independent actions seeking to relitigate the Tennessee state court judgment by characterizing her complaints as Rule 60 motions. Rule 60 contemplates only relief from a final judgment and does not authorize relitigation of matters settled in the original judgment. See Donovan v. Sovereign Sec., Ltd., 726 F.2d 55, 60 (2d Cir.1984).
 
 
 9
 Furthermore, Polyak cannot restart litigation which has become final merely by styling her complaints as Rule 60 motions. In this situation, Polyak's two main assertions are insufficient to overcome the principle that sooner or later litigation must come to an end. See Broughner v. Secretary of Health, Educ., & Welfare, 572 F.2d 976, 978 (3d Cir.1978).
 
 
 10
 Finally, we conclude that these cases are appropriate for the application of sanctions. Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987), cert. denied, 108 S.Ct. 1032 (1988); Dallo v. INS., 765 F.2d 581, 589 (6th Cir.1985). We note that this court has already issued 19 orders dealing with Polyak's various attempts to overturn the Tennessee state court decision.[1]* Moreover, as these cases are two of five additional appeals filed by Polyak against the parties of the Tennessee litigation,[2] Polyak's frequent attempts to relitigate a final state court judgment in this court show no likelihood of abating. We cannot state strongly enough our disapproval of Polyak's tactic of venting her displeasure with the results of the Tennessee action by unwarranted harassment of her numerous defendants in the federal courts. Therefore, due to the frivolous and vexatious nature of these appeals we are granting appellees' request for attorney fees and costs pursuant to 28 U.S.C. § 1912.
 
 
 11
 Accordingly, it is hereby ORDERED that the judgments of the district court be affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit, and that the motions to supplement the records are hereby denied. Appellees in these cases are hereby assigned damages equal to their reasonable attorney fees and costs. An itemized and verified bill for the costs and attorneys fees should be filed with the Clerk of this Court, with proof of service, within fourteen days after the entry of this order.
 
 
 
 *
 (See Footnotes on Page 4)
 
 
 [1]
 The previous Sixth Circuit orders are: Hulen, et al., v. Polyak, Nos. 84-6040/85-5032 (6th Cir.December 17, 1985); Polyak v. Hulen, et al., Nos. 85-5101/5147 (6th Cir.December 17, 1985); In Re Polyak, No. 85-6081 (6th Cir.February 14, 1986); Polyak v. Hamilton, No. 85-6134 (6th Cir.August 15, 1986); Evans v. Polyak, No. 85-6135 (6th Cir.March 7, 1986); In Re Polyak, No. 86-5460 (6th Cir.June 13, 1986); In Re Polyak, No. 86-5462 (6th Cir.June 13, 1986); Polyak v. Hulen, et al., No. 86-5536 (6th Cir.November 24, 1986); Polyak v. Stack, No. 86-5199 (6th Cir.January 12, 1987); Polyak v. Boston, et al., No. 86-5916 (6th Cir.May 6, 1987); Hulen, et al. v. Polyak, 87-6159 (6th Cir.January 19, 1988); Polyak v. Hamilton, No. 87-6115 (6th Cir.February 23, 1988); Evans v. Polyak, No. 87-6272 (6th Cir.May 25, 1988); Hulen, et al. v. Polyak, Nos. 87-6267/6268 (6th Cir.June 16, 1988); Polyak v. Stack, et al., Nos. 88-5717/5763/5794 (6th Cir.November 22, 1988); Polyak v. Evans, No. 89-8507 (6th Cir.April 7, 1989); Polyak v. Lesnansky, et al., No. 89-8508 (6th Cir.April 4, 1989); Polyak v. Boston, et al., No. 89-8510 (6th Cir.April 4, 1989)
 
 
 [2]
 The relevant Sixth Circuit case numbers are: 89-5320, 89-5496, and 89-5649